# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 07-cr-60015-01 |
| VERSUS | * | JUDGE DOHERTY |
| CINDY MARIE LONDO | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner, Cindy Marie Londo.  [rec. doc. 69].  The Government has filed an Answer and Memorandum in Support. [rec. doc. 75].  For the following reasons, the undersigned recommends that the Motion be **DENIED AND DISMISSED WITH PREJUDICE**.  Because the undersigned is able to make this recommendation based on the record, transcripts and briefs filed by the parties, no evidentiary hearing is necessary.[1]

## BACKGROUND

Petitioner, was named in a five count indictment which charged petitioner in four of the five counts with conspiracy to commit Social Security fraud, making a false statement to the Social Security Administration, theft of government funds, and forgery. [rec. doc. 2].

---

[1]No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record.  *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir.1989).

On February 28, 2008, petitioner pled guilty to count one of the indictment, to wit, conspiracy to commit Social Security fraud.  [rec. doc. 37-38, 72].

In connection with the plea, petitioner executed a Plea Agreement in which she acknowledged, in writing, that the maximum penalty which could be imposed for conspiracy to commit Social Security fraud, namely, a term of imprisonment of not more than five years, a fine of up to $250,000.00, a term of supervised release of not more than three years, and a special assessment fee of $100.  Petitioner also acknowledged that the sentence which would be imposed against her would be determined by the Court, considering the Sentencing Guidelines as modified by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), which made the Guidelines advisory, and that she had discussed the Sentencing Guidelines and their applicability with her counsel.

Petitioner further acknowledged her understanding that a final determination of the applicable Guidelines range would not be made until the completion of the Pre-Sentence Investigation (PSI), and that the Court would consider the Guidelines and any independent recommendation by the Probation Officer, who would prepare the PSI, but that the Court could depart from the Guidelines.  Moreover, petitioner further acknowledged, in writing, that her guilty plea was free and voluntary and made without any threats whatsoever, and that the entire agreement between the parties was in writing and that no unwritten promises, representations, threats or inducements were made to her or her attorney, and that none would have any force or effect, unless made in writing.

Finally, petitioner acknowledged that she was satisfied with the assistance she received from her counsel, Daniel Stanford, whom she believed to have acted competently in this matter.  [rec. doc. 38]. In fact, Judge Doherty verified, twice, that petitioner was satisfied with her representation by Mr. Stanford. [plea tr. rec. doc. 72, pp.6-7].  Further, during her plea proceeding, Ms. Londo acknowledged that she had signed the plea agreement after it was explained to her, and the she understood everything contained in the agreement. [plea tr. rec. doc. 72, pg. 18].

In connection with the plea, petitioner also executed an Affidavit of Understanding of Maximum Penalty and Constitutional Rights in which she acknowledged, in writing, that she understood the charge to which she was to plead guilty, that she had been furnished a copy of that charge, and that she had been personally addressed by the Court and informed as to the maximum penalty which could be imposed for that charge, namely, a term of imprisonment of not more than five years, a fine of up to $250,000.00, a term of supervised release of not more than three years, and a special assessment fee of $100.

Petitioner further acknowledged her understanding of her constitutional rights and acknowledged that she was aware that by pleading guilty she would waive those rights. Finally, she acknowledged, in writing, that her guilty plea was free and voluntary and made without any threats or inducements whatsoever. [rec. doc. 38-2].  Further, during her plea proceeding, Ms. Londo acknowledged that she had signed this document. [plea tr. rec. doc. 72, pg. 17].

Prior to acceptance of petitioner's plea, the Court verified petitioner's competency to enter a guilty plea.  The Court confirmed that although petitioner had taken Dilantin for epilepsy and Amaryl and Glucophage for diabetes, none of these medicines affected petitioner's thinking, made her feel drowsy or woozy, or not able to understand the proceedings. [plea tr. rec. doc. 72, pg. 4-5].  Petitioner also acknowledged that she was not having any problem understanding the proceeding, and was, accordingly, able to recite the date, the charge against her and her purpose for appearing before the Court. [*Id*. at pg. 5-6].  In response to the Court's inquiry, petitioner's counsel, Mr. Stanford, also acknowledged his satisfaction with petitioner's understanding of the proceeding and her competence to enter a guilty plea. [*Id*. at pg. 6].  The Court therefore expressly found petitioner competent to enter a valid plea. [*Id*. at  pg. 6].

Judge Doherty advised petitioner that should she accept her guilty plea, petitioner would waive her Constitutional right to trial by jury, her right to testify at trial, her right to call witnesses on her own behalf and to confront and cross-examine the government's witnesses, as well as her right against self-incrimination.  Petitioner indicated that she was willing to waive these rights. [*Id*. at  pg. 7-8].

Judge Doherty also explained  the nature of the charge against petitioner, expressly advising petitioner of each element that the government would have to prove beyond a reasonable doubt for petitioner to be found guilty.  Petitioner acknowledged her understanding of the charge. [*Id*. at pg. 9-12].

4

Petitioner was expressly advised by the Court of the maximum penalty for the crime to which she was to plead guilty, that is, "a term of imprisonment of not more than five years."; petitioner acknowledged her understanding of the maximum possible penalty. [*Id*. at pg. 12-13].

Judge Doherty confirmed that petitioner and her attorney had discussed how the Guidelines might apply in petitioner's case. [*Id*. at pg. 21-22]. Judge Doherty further confirmed that petitioner had been advised about the *Booker* and *Gall* decisions, that a PSI would be prepared, and that while the Guidelines would play a role in her determination of petitioner's sentence, that the Court was not bound to follow the Guidelines. [*Id*. at pg. 20-22]. Judge Doherty further advised that she would not be able to determine what Guideline sentence range might apply to petitioner until after the PSI had been completed and that any recommendation of a sentence by counsel was not binding on the Court; petitioner again acknowledged her understanding. [*Id*. at pg. 19-20].

Judge Doherty also confirmed that petitioner's plea was freely and voluntarily entered, specifically verifying that no one had made any promise, other than those contained in the plea agreement, that induced her to plead guilty. [*Id*. at pg. 19]. Petitioner admitted that she had not been threatened by anyone or forced to plead guilty. [*Id*. at pg. 14]. She also confirmed that no one had made any prediction or prophecy or promise to her as to what her sentence would be. [*Id*. at pg. 21].

At the conclusion of the proceedings, after receiving a written and verbal stipulated factual basis for the plea,  petitioner's guilty plea was accepted by the Court and a PSI was ordered. [*Id*. at pg. 11-12, 18-19, 24-25; rec. doc. 38-3].

 On June 24, 2008, petitioner was sentenced to sixty months imprisonment. [rec. docs. 46, 48 and 57].  In the PSI, petitioner's Guideline Range, based on a total offense level of 8 and a criminal history category of V, was determined to be 15 to 21 months imprisonment.  At sentencing, Judge Doherty considered the following § 3553(a) factors: petitioner's extensive criminal history (including 20 convictions, five of which were felonies and several of which involved violence and crimes against other persons – telephone harassment, stalking and simple battery); two incidents of criminal behavior while petitioner was out on bond, for which probation and short jail terms did not provide adequate deterrence of future criminal activity;  petitioner's need for medical care; and the need to protect the public.  The arguments of counsel for the defendant requesting leniency were rejected.  Petitioner was sentenced above the Guideline range to the statutory maximum of five years imprisonment. [rec. doc. 57, 48].

Petitioner's  judgment of conviction and sentence were affirmed on direct appeal by the Fifth Circuit.  The appellate court rejected petitioner's claim that her sentence was unreasonable, expressly finding that the Court's upward departure from the advisory Guidelines range was permissible and did not constitute plain error.  The Court said:

> In selecting the sentence[], the district court appropriately considered the advisory sentencing guidelines and the sentencing factors set forth in 18

6

U.S.C. § 3553(a).  *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Gall,* 128 S.Ct. 586, 596-597 (2007).  The court found the 60 month sentence[] appropriate in the light of Londo's . . . personal and criminal histor[y, her],  likelihood of recidivism, the need to promote respect for the law, the need to provide a deterrent to future criminal behavior, and the need to protect the public.  *See, e.g. United States v. Smith*, 417 F.3d 483, 491-93 (5th Cir. 2005) (post-*Booker*, affirming a departure from a range of 33 to 41 months to a statutory maximum of 120 months on the basis that Smith was "a habitual criminal who has not been deterred by probation or parole, supervision, brief jail terms, or prison sentences").

Finally, the 186% upward deviation in issue here, although substantial, is less than, or approximately equal to, other guideline departures and deviations affirmed in this circuit post-*Booker* and post-*Gall.  See e.g. United States v. Mejia-Huerta*, 480 F.3d 713, 716-16, 723-24 (5th Cir. 2007) (affirming upward deviations of 140%, 134%, 344% and 122% from the advisory guideline ranges), *cert. denied*, 128 S.Ct. 2954 (2008).

Accordingly, neither the district court's variance from the advisory guidelines range nor the extent of the variance constitutes plain error.  *See Gall*, 128 S.Ct. at 596-597.

[rec. doc. 67].

In the instant motion to vacate, petitioner asserts the following claims for relief:

(1) that her guilty plea was not voluntarily, knowingly and intelligently entered because she did not understand the charges against her, because her attorney convinced her not to go to trial and threatened that she would get a longer sentence if she chose to do so, and because she was on mental health medications; (2) that she received ineffective assistance of counsel because her attorney failed to explain the charges against her and gave her different sentencing range predictions, and (3) that her sentence was excessive.

## LAW AND ANALYSIS

**Claims Properly Considered in this §2255 Motion/Scope of Review**

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides four grounds justifying relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

While this language appears broad, the scope of relief is actually narrow:

> Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). As a result, review of convictions under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

*United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.) *reh. denied* (1998).

An error of law does not provide a basis for *habeas* relief under § 2255 unless it constitutes "a fundamental defect" causing a "complete miscarriage of justice." *Brecht v. Abrahamson*, 507 U.S. 619, 634, fn.8, *reh. denied,* 508 U.S. 968 (1993) *quoting Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

8

No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record.  *United States v. Green,* 882 F.2d 999, 1008 (5th Cir.1989).  The issues presented in the instant case are either contrary to law or plainly refuted by the record.  Accordingly, no evidentiary hearing is necessary.  The issues will be resolved by considering the briefs filed by the parties and the court record.

**I. Knowing, Voluntary and Intelligent Nature of the Plea**

Petitioner complains that her plea to Count One of the Indictment was not knowingly, voluntarily and intelligently entered because she did not understand the charges against her, because her attorney convinced her not to go to trial and threatened that she would get a longer sentence if she chose to do so, and because she was on mental health medications.

Although it is clear that petitioner's challenge to her guilty plea is procedurally barred, her claim is nevertheless without merit.  To be constitutionally valid, a guilty plea must be knowing and voluntary.  *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing  Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989).   Accordingly, the court may not accept a guilty plea unless the defendant enters the plea voluntarily and with a complete understanding of the nature of the charge and the consequences of her plea.  This standard is rooted in the due process clause of the Constitution and is applicable in both state and federal courts.  *Frank v. Blackburn*, 646 F.2d 873, 882 (5th

Cir. 1980) *citing McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441 (1970) and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969).

A guilty plea that was not knowingly, voluntarily, and intelligently entered is invalid.  *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996).  However,  a federal *habeas* court will uphold a guilty plea "if it is shown by the record . . . that a defendant understood the charge and its consequences when he pled guilty."  *Deville v. Whitley,* 21 F.3d 654, 657 (5th Cir. 1994) *citing Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*,  474 U.S. 838, 106 S.Ct. 117 (1985).  A defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath.  *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir.1985).  "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Id. quoting  Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977).  Moreover, any documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight."  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against her and "the consequences" of a guilty plea,  respectively.  *United States v. Briggs*, 939 F.2d 222, 227 (5th Cir.1991); *United States v. Pearson,* 910 F.2d 221, 223 (5th Cir.1990), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991).

A plea is intelligent if the defendant understood the nature and substance of the charges against her and not necessarily whether she understood their technical legal effect. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) *citing  Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991), *cert. denied*,  503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992).  A guilty plea is intelligent even if the trial court failed to specifically explain the offense or its elements to the defendant if the record shows that the defendant understood the charge and its consequences.  *United States v. Reyna,* 130 F.3d 104, 110 (5th Cir.1997), *cert. denied*,  523 U.S. 1033, 118 S.Ct. 1328, 140 L.Ed.2d 489 (1998); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.1986);  *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir.1987).  However, the defendant must understand what she is being charged with.  *United States v. Suarez*, 155 F.3d 521, 524-25 (5th Cir.1998).

With respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged.  *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) *citing Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir.1982), *cert. denied*, 459 U.S. 867, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982); *Ables v. Scott*, 73 F.3d 591, 592-93 n. 2 (5th Cir.1996), *cert. denied*,  517 U.S. 1198, 116 S.Ct. 1696, 134 L.Ed.2d 795 (1996) *citing United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990).

"[A] plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature." *Hernandez,* 234 F.3d at fn. 3.

11

In the instant matter, the record is clear that petitioner's plea was entered knowingly, voluntarily and intelligently.  Although petitioner now claims that she did not understand the charge against her, petitioner was expressly advised of the nature of the charge against her by the Court during her plea proceeding and she expressly acknowledged, while under oath, that she understood that charge.  Petitioner was also advised of the maximum prison term and fine for the offense charged in writing, and by thorough and direct questions posed by Judge Doherty.

Petitioner unambiguously acknowledged that she understood the maximum penalty for her offense and that the penalty imposed would be determined by the Court, which was not bound by the Guideline range, or recommendations of counsel.  Petitioner was also advised that her sentence could not be determined until after the PSI had been completed by the probation department and that her sentence would be in the discretion of the Court, to which petitioner again acknowledged her understanding.

Moreover, contrary to her present allegations, petitioner expressly acknowledged, in writing, and in court while under oath, that she had not been promised anything, other than those promises contained in the plea agreement, and further admitted that she had not been threatened by anyone or forced to enter a guilty plea.  She also confirmed in open court, while under oath, that no one had made any prediction or prophecy or promise to her as to what her sentence would be.  Accordingly, petitioner's plea was knowingly, voluntarily and intelligently entered.

Further, petitioner's allegation that she was not competent to enter her plea because she had taken her epilepsy and diabetes medication is refuted by the record before this Court. Contrary to petitioner's present allegation, the record is clear and unambiguous that petitioner was not impaired by the medication she had taken.  Indeed, petitioner admitted that her medication had no effect on her ability to understand the proceedings, and her counsel confirmed this fact.  Further, the transcript of the plea proceeding provides additional evidence of the competency of petitioner at the time her plea was accepted.  Petitioner responded to all questions posed by the Court coherently and intelligently, at times providing the Court with an explanation of her response.

In sum, petitioner's sworn testimony during the plea hearing and the documents signed by petitioner in connection with her guilty plea belie any argument that petitioner's plea was unknowingly, involuntarily or unintelligently entered.  In light of the above, petitioner is not entitled to *habeas* relief on this claim.

## II.  Ineffective Assistance of Counsel

Courts can consider claims of ineffective assistance of counsel that are brought for the first time in a § 2255 motion. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir.1996). However, petitioner's guilty plea constitutes a waiver of all non-jurisdictional defects in the prior proceedings.  *United States v. Glinsey,* 209 F.3d 386,392 (5th Cir. 2000); *United States v. Bendicks*, 449 F.2d 313, 315 (5th Cir.1971). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have

13

rendered the guilty plea involuntary." *Glinsey*, 209 F.3d at 392.  Regardless of an attorney's performance, however, "the conviction should be upheld if the plea was voluntary", because if the plea is voluntary, there is no prejudice to the defendant. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) *citing United States v. Diaz*, 733 F.2d 371, 376 (5th Cir.1984).

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 688.  The court's scrutiny is "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689-90.  *See also Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir. 1985).  Thus, this court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) *quoting  Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir.1986).

*Strickland'*s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

14

would have been different.[2] A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068.   With respect to guilty pleas, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Glinsey,* 209 F.3d at 392 *quoting Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Thus, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

A petitioner must affirmatively prove prejudice.  *Deville*, 21 F.3d at 659; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir. 1998).  Self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland's* prejudice element."  *Sayre*, 238 F.3d at 635.  Moreover, allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

---

[2]The *Strickland* court outlined the extent of prejudice that must be established by the defendant:
An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment.  *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).

Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.

When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland,* 466 U.S. at 689-94.  Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's  performance was deficient and that the deficiency prejudiced the defense.  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.*" Green,* 160 F.3d at 1043.

Petitioner contends that she was denied the effective assistance of counsel because her attorney, Daniel Stanford, failed to explain the charges against her and gave her different sentencing range predictions.  For the following reasons, these claims are without merit and, accordingly, do not warrant *habeas* relief.

Initially the undersigned notes that petitioner twice acknowledged, in open court, while under oath, that she was satisfied with the assistance she received from her counsel. [plea tr. rec. doc. 57, pg. 6-7].

Moreover, petitioner's first claim is expressly refuted by petitioner's sworn testimony during her plea proceeding.  In response to Judge Doherty's questions, petitioner admitted that she had discussed the charges against her with Mr. Stanford. [plea tr. rec. doc. 57, pg. 9].  However, despite petitioner's assurance, Judge Doherty

16

nevertheless re-explained the charge to petitioner, specifically noting the elements of the charge and the proof required to support a conviction on that charge. [*Id.* at  pg. 9-11]. Thus, even if counsel had not properly explained the charge to petitioner (which does not appear to be the case), petitioner cannot demonstrate any prejudice as a result of counsel's alleged deficiency because the charges were explained to petitioner by the Court.

Likewise, petitioner's second claim, that counsel gave her different sentencing range predictions, is refuted by the record before this court. During petitioner's plea proceeding, petitioner admitted that no one had made any prediction or prophecy or promise as to the sentence she would receive. [*Id.* at pg. 21].  Moreover, even if counsel had predicted a sentencing range (which is not supported by the record), the Court repeatedly advised petitioner, prior to acceptance of her plea, that her sentence would be decided by the Court, and that the Court would not be bound by any recommendation, promise or prediction by counsel. [*Id*. at  pg. 19-23].  Thus, petitioner cannot demonstrate any prejudice as a result of this alleged deficiency.

## III.  Sentencing Claim

By this claim, petitioner challenges the Court's imposition of her sixty month sentence "which sentence represent [sic] an upward departure from the high end of the undisputed advisory guideline range."

Claims which have been raised and considered on direct appeal cannot be considered in § 2255 motions and may, therefore, be dismissed without reconsideration on the merits.  *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994) *citing United*

17

*States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Buckelew v. United States,* 575 F.2d 515, 517-518 (5th Cir. 1978); *White v. United States*, 2009 WL 129116, *2 (W.D.La. 2009); *United States v. Daniel*, 2007 WL 2668891, *2, 5-6 (W.D.La. 2007); *United States v. Stapelton*, 2006 WL 3899907, *2 (W.D.La. 2006).  Further, the "law of the case" doctrine precludes re-litigation of issues which have already been decided.  *United States v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996).

In this case, the United States Fifth Circuit Court of Appeals has already addressed and rejected petitioner's sentencing claim on direct appeal.  Therefore, this claim may not be raised and reconsidered in the context of the instant Motion.  Accordingly, this claim should be dismissed without further consideration of the merits.

Based on the foregoing reasons, the undersigned recommends that Cindy Marie Londo's § 2255 petition be **DENIED and DISMISSED WITH PREJUDICE.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds**

of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 7th day of October, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE